# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM C. BENNETT, JR.,
    Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
    Agency.

DOCKET NUMBER
DE-1221-15-0461-W-1

DATE: November 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William C. Bennett, Jr.</u>, Union, South Carolina, pro se.

<u>Christopher H. Bonk</u>, Esquire and <u>Kevin L. Owen</u>, Esquire, Silver Spring,
    Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the initial decision's analysis of the clear and convincing evidence test, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is employed by the agency as a GS-9 Air Tanker Base Manager in West Yellowstone, Montana. Initial Appeal File (IAF), Tab 9 at 6. On January 28, 2015, the Fire Center Base Manager (Base Manager)[2] informed his crew, which included the appellant, that the base was under scrutiny for closure after the 2015 fire season due to the lack of infrastructure maintenance over the course of many years. The Base Manager asked the crew to provide him with "input and ideas" concerning possible ways to avoid a closure. IAF, Tab 1 at 5, Tab 39 at 51. In response, on February 3, 2015, the appellant provided a 4-page opinion that alleged, among other things, that an arsenic water filter should have been installed at the base in 2012 when it was discovered that the well water contained over the maximum containment level of arsenic established by the Environmental Protection Agency, and the base should have maintained

---

[2] The job titles of the appellant and his supervisor are similar. To differentiate, when we refer to the appellant' supervisor, we will use the title "Base Manager" and when we refer to the appellant's position, we will use the title "Air Tanker Base Manager."

the tarmac and ramp used by airplanes that carried smoke jumpers[3] to and from fires and failed to resubmit funding requests for maintenance issues, such as repairing the ramp, "as required." IAF, Tab 13 at 6-11. Nine days later, the Base Manager informed the appellant that he would no longer be allowed to jump or to participate in smoke jumper refresher training as a collateral duty because smoke jumping was not in the position description of the Air Tanker Base Manager position to which the appellant had been promoted.

¶3      Thereafter, the appellant filed an individual right of action (IRA) appeal to the Board alleging that the Base Manager took away his smoke jumping duties in retaliation for the protected disclosures that he made in his 4-page opinion. IAF, Tab 1. After conducting a hearing,[4] the administrative judge issued an initial decision, which found that the appellant nonfrivolously alleged that he made two protected disclosures in the 4-page opinion that were contributing factors in a personnel action (the agency's rescission of his smoke jumper duties) and that he had exhausted his administrative remedies before the Office of Special Counsel as to those disclosures and that personnel action. IAF, Tab 50, Initial Decision (ID) at 2 n.3. Thus, the administrative judge found that the appellant made a nonfrivolous allegation that the Board has jurisdiction over his IRA appeal.

¶4      The administrative judge found further that the appellant established by preponderant evidence that his disclosure regarding arsenic levels in the well water reasonably asserted a violation of law, rule, or regulation, or a substantial and specific danger to public health or safety and thus was a protected disclosure under the Whistleblower Protection Enhancement Act of 2012 (WPEA). ID at 4-5. He also found that the appellant established by preponderant evidence that

---

[3] Smoke jumpers parachute into remote areas to combat wildfires. U.S. Department of Agriculture, Forest Service, *Smokejumpers*, https://www.fs.usda.gov/science-technology/fire/people/smokejumpers (last visited Nov. 21, 2022).

[4] The hearing lasted 2 days, from May 24-25, 2016. We cite to the hearing transcript for the first day as "HT1" and for the second day as "HT2." A copy of the transcript for both days is contained in the record.

his disclosure that the ramp maintenance funding request had not been resubmitted as required constituted an allegation of a violation of law, rule, or regulation, which also raised the specter of a substantial and specific danger to public health or safety, and thus was a protected disclosure under the WPEA. ID at 5. Additionally, the administrative judge found that, under the knowledge/timing test, the appellant established by preponderant evidence that his disclosures were a contributing factor to having the smoke jumping collateral duty rescinded from his overall duties. ID at 5-6. According to the administrative judge, the agency's rescinding the appellant's smoke jumping duties was a personnel action because it constituted an action concerning education or training that could be reasonably expected to lead to an appointment, a promotion, or a performance evaluation,[5] and also was a significant change in the appellant's duties, responsibilities, and/or working conditions. ID at 5. The administrative judge, however, determined that the agency showed by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures. ID at 7-15.

¶5 In his petition for review, the appellant contests the administrative judge's findings of fact and credibility determinations. For instance, he contends that the administrative judge failed to consider that the Base Manager "lied under oath." Petition for Review (PFR) File, Tab 1 at 6-7. He further argues that the testimony of the Base Manager and an Employee Relations Specialist concerning telephone conversations that they said that they had about the appellant's smoke jumping duties should be discounted because of its hearsay nature. *Id.* at 9. The appellant also contends that the administrative judge, in finding that the agency proved by clear and convincing evidence that it would have rescinded the appellant's smoke

---

[5] Some evidence in the record suggests that smoke jumpers require a significant amount of costly training each year to keep them current. HT2 at 7 (testimony of the interim supervisor), 40 (testimony of the Base Manager). In his closing argument, the appellant acknowledged that training for most individuals might cost thousands of dollars, but he stated that his training costs were minimal. IAF, Tab 49 at 12.

jumping duties absent his whistleblowing, erred by not considering his testimony rebutting the agency's evidence on that issue. *Id.* at 7-8. Finally, he argues that the administrative judge was biased against him. *Id.* at 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 After establishing the Board's jurisdiction in an IRA appeal, which the appellant has done here beyond dispute, he must then establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9) that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 6 (2022). If the appellant makes out a prima facie case, the agency must prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or protected activity. 5 U.S.C. § 1221(e)(1)-(2); *Soto*, 2022 MSPB 6, ¶ 6.

¶7 As noted above, the administrative judge found that the appellant made two protected disclosures of either a violation of law, rule, or regulation, or of a substantial and specific danger to public health or safety, and that both protected disclosures were contributing factors to the rescission of his smoke jumping duties. ID at 4-6. Based on our review of the record and the fact that these findings are not challenged on review, we discern no reason to disturb them.[6]

---

[6] On review, the appellant challenges the administrative judge's discussion of one of the points he raised in his 4-page opinion, which has been characterized as the "dorm incident" and concerns a spring 2015 inspection that revealed the presence of asbestos. PFR File, Tab 1 at 9-10; IAF, Tab 13 at 7. The administrative judge discussed this issue in his clear and convincing evidence analysis and concluded that, because the purported "disclosure" occurred after the agency took the personnel action and because agency officials did not have knowledge of any asbestos issues prior to rescinding the appellant's smoke jumping collateral duties, the incident could not have triggered a motive to retaliate, which is a factor to consider when determining whether the agency met its clear and convincing burden. ID at 13-14. However, we believe that that discussion is misplaced because knowledge of a disclosure or activity and the timing of the personnel action in question are properly addressed in a contributing factor analysis

*See, e.g.*, *Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶8        Because the appellant established a prima facie case of whistleblower reprisal, the relevant inquiry is whether the agency proved, by clear and convincing evidence, that it would have taken the same action even in the absence of the disclosures. *Soto*, [2022 MSPB 6](#), ¶ 18.  The Board considers the following factors ("*Carr* factors") in determining whether an agency has meet its clear and convincing burden:  (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Soto*, [2022 MSPB 6](#), ¶ 11; *see also Carr v. Social Security Administration*, [185 F.3d 1318](#), 1323 (Fed. Cir. 1999).   The appellant's petition for review largely challenges the administrative judge's evidentiary analysis, factual findings, and credibility determinations related to these factors.  PFR File, Tab 1.  However, as discussed below, we find that none of his challenges warrants a different outcome than that arrived at by the administrative judge.

---

as a part of an appellant's prima facie case.  *Mastrullo v. Department of Labor*, [123 M.S.P.R. 110](#), ¶ 18 (2015).  Moreover, the administrative judge did not find that the appellant made a protected disclosure regarding the "dorm incident," ID at 13, and, regardless, even if he had, the Board has held that a disclosure or activity that occurs after a personnel action is taken, such is the case here, cannot be a contributing factor to that action.  *Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](#), ¶ 27 (2011). Further, no one, including the appellant, testified at the hearing of being aware of asbestos in the damaged dormitory until after the Base Manager rescinded the appellant's smoke jumping duties.  *E.g.*, HT2 at 56-57 (testimony of the Base Manager). Thus, the purported disclosure, even if found to be protected, could not have been a contributing factor to the agency's rescission of the appellant's smoke jumping duties. The appellant's arguments on review in this regard do not provide a basis to disturb the initial decision.

<u>The administrative judge properly analyzed *Carr* factor 1: the strength of the agency's evidence in support of its action.</u>

¶9        In discussing the first *Carr* factor, the administrative judge provided a nearly 5-page discussion of the testimony from three of the appellant's supervisors who testified collectively regarding the absence of smoke jumping duties from the appellant's position description, the concerns surrounding his ongoing smoke jumping without it being a duty assigned to him, and the decision-making process behind the decision to end that collateral duty.   ID at 7-11.   The administrative judge credited this testimony and gave significant weight to this factor.   *Id.*   Specifically, he credited the testimony of the appellant's former supervisor, who said that the appellant had been a smoke jumper before he was promoted to an Air Tanker Base Manager position—a position that did not include smoke jumping duties—and that he had been allowed to smoke jump for a time after his promotion to that position because his duties at the base could be covered by others.   ID at 8-9.   He also credited the testimony of the appellant's interim supervisor, who explained that he did not rescind the appellant's smoke jumping duties before the arrival of the new Base Manager because he believed that a decision on the appellant continuing to serve as a smoke jumper should be made by the permanent Base Manager.   ID at 9.   Additionally, the administrative judge credited the testimony that the Base Manager's decision to rescind the appellant's smoke jumping duties was made before the appellant submitted his 4-page opinion.   ID at 11.   The Base Manager postponed acting on the decision for the 2014 fire season because resources already had been spent getting the appellant trained and ready to smoke jump for that fire season, and the Base Manager timed his action to avoid the expense of recertifying the appellant for the upcoming 2015 fire season.   ID at 9-11.   Further, the Base Manager, after discussing the matter with his supervisor, wanted to confirm what he should do with an agency Employee Relations Specialist, based in part on the Base Manager's supervisor's advice that he do so.   ID at 10-11.

Based on the foregoing, the administrative judge found that the agency met its burden by presenting overwhelming credible evidence in support of the personnel action to rescind the appellant's collateral smoke jumper training and duties. ID at 7.

¶10    On review, the appellant challenges the administrative judge's discussion of portions of the testimony. Specifically, he argues that the administrative judge failed to consider that the Base Manager contradicted himself when he said, at one point, that a written policy required that smoke jumping duties be part of the appellant's position description, whereas he later said that there is no written policy stating that, to be able to perform smoke jumper duties, it must be included in a position description. Hearing Transcript 2 (May 25, 2016) (HT2) at 96-97 (testimony of the Base Manager). This testimony relates to whether the Base Manager properly denied smoke jumper duties to employees whose position description did not include such duties. The Base Manager, in his testimony, clarified that the Inter-Agency Smokejumper Operating Guide addresses the annual requirements necessary for smoke jumpers, even though there is no particular language in the Guide directly linking qualifications or certifications for smoke jumpers to a position description. He explained that an agency policy existed, which he could not cite specifically, which states "that a position description needs to be 80 percent accurate to be valid." He noted that, if the appellant were allowed to smoke jump, he would not be allowed to do that duty enough for it to be valid for his position description. HT2 at 96-99 (testimony of the Base Manager). The Base Manager also explained that allowing certain employees, such as the appellant, to engage in the risky activity of smoke jumping could expose the Government, the agency, and the employees to liability, given that the employees would be working duties not covered under their position descriptions. Likewise, he worried that the appellant could have a mid-air collision during a smoke jump, which could end in tragedy. HT2 at 99-100 (testimony of the Base Manager). We find that the Base Manager's

various explanations are not inherently inconsistent, as suggested by the appellant. In any event, we find that the appellant mistakenly asserts that the administrative judge did not consider the Base Manager's varying explanations on this matter; in fact, the administrative judge explicitly noted the differences at the hearing. HT2 at 98-99 (comment by the administrative judge).

¶11    Contrary to the appellant's assertion, the record does not support a finding that the Base Manager was not truthful in testifying about whether smoke jumping duties were tied to an employee's position description. Rather, the record supports the administrative judge's finding that the Base Manager testified credibly that one of the fundamental reasons he did not allow the appellant to continue his smoke jumping duties was the absence of such duties from his position description. The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not presented sufficiently sound reasons to overturn the administrative judge's credibility determinations.

¶12    The appellant also objects to the testimony of the Base Manager and an Employee Relations Specialist, who both confirmed that they discussed over the telephone the possibility of rescinding the appellant's smoke jumping duties before he made his disclosures, given the testimony's supposed hearsay nature. PFR File, Tab 1 at 10. We disagree with the appellant that this testimony constituted hearsay evidence. Pursuant to the Federal Rule of Evidence, 801(c), hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. *See Taylor v. U.S. Postal Service*, 75 M.S.P.R. 322, 325 (1997); Fed. R. Evid. 801(c). Here, both witnesses, who testified under oath, had firsthand knowledge of these telephone conversations because they participated in them and related what they

recalled about those conversations. Further, the record does not indicate that the statements offered into evidence were made by anybody other than the declarants. As such, we consider these statements to be direct testimony and believe that the administrative judge gave them the appropriate evidentiary weight. Accordingly, the appellant's argument regarding hearsay is without merit.[7]

¶13    The appellant contends, moreover, that the administrative judge ignored or did not consider his testimony rebutting the agency's evidence regarding why the agency rescinded his smoke jumping duties. However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Therefore, the appellant's argument in this regard is also without merit. Based on the foregoing, we discern no reason to disturb the administrative judge's analysis of the first *Carr* factor and agree that the agency presented strong evidence in support of its decision.

The administrative judge properly analyzed *Carr* factor 2: the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision.

¶14    In discussing the second *Carr* factor, the administrative judge considered testimony from the Base Manager, who testified that he was indifferent to the appellant's disclosures, that the disclosures were provided in response to his own request, and that the appellant had some good ideas but none were particularly noteworthy. ID at 11. The administrative judge also considered that the Base Manager's testimony and "perspective" were consistent with the agency's response to the health and safety issues raised by the appellant in his disclosures. *Id.* After considering and crediting the relevant testimony, the administrative

---

[7] In any event, hearsay is admissible in Board proceedings and its probative value depends on the circumstances of each case. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981).

judge properly concluded, ID at 11-14, that the agency may have had some motive to retaliate based on the appellant's submission of his 4-page opinion criticizing the agency's handling of safety issues and its decision to defer certain maintenance issues, *cf. Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013) (finding that, even if an appellant's disclosures do not directly implicate or harm her superiors, her criticism reflecting on them both in their capacity as managers and employees is sufficient to establish a substantial retaliatory motive). Under the circumstances, we agree with the administrative judge that any motive to retaliate was not very significant.

¶15     Moreover, although the appellant appears to challenge the findings regarding this factor by disputing the administrative judge's discussion of a "dorm incident," PFR File, Tab 1 at 9; ID at 13-14, we find that discussion to be more relevant to a contributing factor analysis as a part of the appellant's prima facie case, as discussed in footnote 6. Therefore, the appellant's arguments on review do not provide a basis to disturb the initial decision with regard to this factor.

We clarify that the burden of proof for *Carr* factor 3, any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, is on the agency and not on the appellant.

¶16     In the initial decision, the administrative judge concluded that that "the appellant failed to provide credible evidence" that the agency took similar actions against employees who were not whistleblowers but who were otherwise similarly situated. ID at 14. The U.S. Court of Appeals for the Federal Circuit has recently reiterated that "the agency need not produce evidence with regard to each of the factors, nor must each factor weigh in favor of the agency for [it] to carry its burden," *Rickel v. Department of the Navy*, 31 F.4th 1358, 1366 (Fed. Cir. 2022), but regardless of whether evidence is produced, the burden remains with

the agency.[8]  Accordingly, we clarify the initial decision that the burden was not the appellant's.  *Id.*

¶17    The administrative judge does appear to have considered some of the agency's evidence on this point when he discussed the Base Manager's testimony that, when smoke jumping was not in an employee's position description, he was consistent about denying the employee the opportunity to smoke jump and that he otherwise allowed safety officers to smoke jump when it was included in the position description, but not when such employees were on detail to a position that did not include those duties.  ID at 14.  However, it does not appear that the agency provided any more specifically relevant evidence regarding this factor, such as testimony regarding whether there were any similarly situated employees who were not whistleblowers but engaged in similar conduct.  The Board has held that, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency.[9]  *Soto*, [2022 MSPB 6](#), ¶ 18.

---

[8] Historically, the Board has been bound by the precedent of the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* [5 U.S.C. § 7703](#)(b)(1)(B).  We are aware of no other circuit courts which have considered this issue.

[9] Although we find that the third *Carr* factor does not weigh in favor of the agency, we nonetheless address the appellant's argument on review that the administrative judge failed to consider the evidence and testimony that other employees who previously encumbered the Air Tanker Base Manager position were allowed to smoke jump.  PFR File, Tab 1 at 10.  This argument provides no basis to reverse the administrative judge's finding that one of the fundamental reasons the agency denied the appellant's smoke jumping duties was the absence of such duties from his position description.  As discussed above, the agency presented sufficient rationale to justify why it took this action, including that it was limiting other employees to the duties outlined in their position descriptions as well.  In addition, there is no evidence showing that other employees with collateral smoke jumper duties worked under the same position description as the appellant did, especially in light of the fact that he testified that his

¶18　　Nonetheless, the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs the factors to determine whether the evidence is clear and convincing as a whole. *See Soto*, 2022 MSPB 6, ¶ 13. On the whole, we find that the strength of the agency's evidence in support of the action outweighs the very slight evidence of motive to retaliate on the part of the agency officials involved in the action and the dearth of evidence regarding how the agency treats similarly situated employees who were not whistleblowers. As such, we ultimately agree with the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have rescinded the appellant's base jumping collateral duties even in the absence of his disclosures.

The appellant failed to show that the administrative judge was biased.

¶19　　Finally, the appellant asserts that the administrative judge was biased against him because the initial decision disregarded much of his evidence and arguments. We disagree. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that he showed a deep-seated favoritism or antagonism that would make fair judgment impossible. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). In any event, based on our review, we find that the administrative judge provided specific instances in his initial decision in which he clearly cited to and relied upon the appellant's evidence and testimony.

---

position may have been reclassified in 2012. HT1 (May 24, 2016) at 52 (testimony of the appellant).

¶20     Accordingly, we affirm the administrative judge's decision to deny the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.